UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Sunset Properties, LLC,

Case No. DG 26-03127
Chapter 11
Honorable Scott W. Dales
Chief Judge

Debtor./

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY SCHAFER AND WEINER, PLLC, AS GENERAL BANKRUPTCY COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION (DKT. NO. 2)**

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), files this Objection to Debtors' Application For Authority to Employ Schafer and Weiner, PLLC, as General Bankruptcy Counsel for Debtor and Debtor-in-Possession (Dkt. No. 2), for the following reasons:

## BACKGROUND

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.

2. On October 1, 2026, Sunset Properties, LLC (the "Debtor") filed its voluntary petition for reorganization under Chapter 11 of Title 1 of the United States Code. (ECF Dkt. No. 1).

3. Also on October 1, 2026, the Debtor filed its Application to Employ Schafer and Weiner, PLLC, as General Attorney Bankruptcy Counsel for Debtor and Debtor-in-Possession. (ECF Dkt. No. 2) (the "Application").

4. The meeting of creditors has been set for Wednesday, November 4, 2026 at 10:00 o'clock a.m.

5. The U.S. Trustee has not yet appointed a Committee of Unsecured Creditors under 11 U.S.C. § 1102(a)(1) in this case, but is in the process of soliciting creditors to serve on such a Committee.

6. On October 6, 2026, the Court issued the "Order Scheduling an Emergency Hearing on Debtor's First Day Motion", scheduling the "Debtor's Motion For Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection" and the "Debtor's Motion for Entry of an Order Fixing Deadlines for Computershare Trust Company to File its Proof of Claim with Detailed Support" for hearing on October 16, 2026, at 10:00 a.m. The Order of October 6, 2026, does not set the Application for hearing, nor has the Court set that Application for hearing on any date.

7. Pursuant to LBR 2014(b)(1), the U.S. Trustee has 28 days from the date of filing of the application to object to an application for employment of professionals filed under Fed. R. Bankr. P. 2014. Therefore, this Objection is timely.

## ARGUMENT

*The Application Is Not Accompanied By A Verified Statement of the Applicant*

8. Federal Rule of Bankruptcy Procedure 2014(a) requires that applications to employ: "be accompanied by a verified statement of the person to be employed, setting forth that person's connections with…the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any other person employed in the United States trustee's office." Fed. R. Bankr. P. 2014(a)(2)(F), (a)(3).

9. The Application was not accompanied by a verified statement at all, nor has any verified statement been filed in the time since filing to date.

10. It might be observed that the Application was signed by Daniel J. Weiner, a member of Schafer and Weiner, PLLC (the "Applicant"), as well as the principal of the Debtor, Matthew J. Schmidt, both on behalf of the Debtor. (ECF Dkt. No. 2, page 5). However, the Application does not satisfactorily address the factors in Rule 2014(a)(2) and is not signed under penalty of perjury. The debtor has indicated in conversation with the Office of the U.S. Trustee that the Verified Statement of Mr. Weiner will be filed soon.

11. The Application states as follows: "The amount and proposed range of compensation, pending Court approval, is set forth in the Declaration of Daniel J. Weiner, Esq. in Support of Debtor's Application for Authority to Employ Shafer and Weiner, PLLC as General Bankruptcy Counsel for Debtor and Debtor-in-Possession (the 'Weiner Declaration' which will be filed separately and incorporated herein)." The Application also states, "Prior to this retention, the members and associates of Schafer and Weiner, PLLC are disinterested pursuant to section 101(14) and have no connection with the Debtor, Debtor-in-Possession, creditors, or any other party-in-interest, their respective attorneys, the U.S. Trustee or any of their employees except as set forth in the Weiner Declaration, which will be subsequently filed." (ECF Dkt. No. 2, page 4, paragraph 14). The Application also states, "Except as disclosed in the Weiner Declaration, the members, partners, and associates of Schafer and Weiner, PLLC are not now, or upon information and belief, have ever been employed by any person having an adverse interest in the Case pursuant to section 327(a)."

12. Therefore, the Application does not satisfactorily address the Rule 2014(a)(2) factors. The representations in the Application that there are no connections between the members

of Schafer and Weiner, PLLC, and that the members of Schafer and Weiner, PLLC "are not now, or upon information and belief, have ever been employed by any person having an adverse interest in the Case pursuant to section 327" are modified by the caveat "Except as disclosed in the Weiner Declaration, which will be subsequently filed" or similar language. (ECF Dkt. No. 2, page 4, paragraph 14). Therefore, until the Weiner Declaration is actually filed and reviewed, which should be soon, we cannot know whether the members of Schafer and Weiner, PLLC, have any connections to the Debtor or any other parties in interest, or have or represent any intertest adverse to the Debtor.

*The Application Does Not Address the $330,248.41 the Debtor Paid to Schafer and Weiner, PLLC*

13. The Statement of Financial Affairs discloses that the Debtor paid a total of $330,248.41, in eight separate payments over the year prior to filing this bankruptcy petition. (ECF Dkt. No. 1, page 22, question 11.1).

14. Schedule A/B lists an amount of $303,408.72 held in Schafer and Weiner's client trust account as of the petition date. (ECF Dkt. No. 1, page 9, part 4).

15. According to the Debtor, this sum represents what is left of payments that the Debtor made to the Applicant in lieu of payments to its secured creditor, Computershare Trust Company (the "Lender"), pending the resolution of the dispute with the Lender. The Debtor further stated its intention to move these funds to an approved debtor-in-possession bank account subject to the reporting requirements of the U.S. Trustee, once that account is open. This is satisfactory to the U.S. Trustee. However, the source and purpose of the funds should be disclosed in the statement of Mr. Weiner to be filed, as well as the intended movement of these funds to a debtor-in-possession bank account.

*The Application Seeks the Allowance of a Retainer Escrow*

16. In the Application, "The Debtor also requests permission to escrow $20,000 on a monthly basis in a separate debtor-in-possession account earmarked for the payment of professional fees in connection with these bankruptcy proceedings, to the extent fees are allowed by this Court." (ECF Dkt. No. 2, page 4, paragraph 17).

17. The Debtor has filed several proposed budgets. In its cash collateral budget, the Debtor proposes to pay $20,000 per month to its counsel and still make the $30,000 in net cash flow over the course of the three-month period the projection covers that the Debtor expects to make. (Declaration of Matthew J. Schmidt, ECF Dkt. No. 11, page 13, paragraph 51). However, this budget is flawed in several respects, including the double counting of expenses for "Management Company Billings." (ECF Dkt. No. 12, page 22.) Once that error is corrected, the reports may show increased net cash flow over the three-month period the projection covers. However, there are other errors in that budget projection that need to be corrected, and that make the budget projection unreliable for proving whether the proposed $20,000 per month escrow is sustainable.

18. Without a reliable budget, the Court, the Debtor, creditors and the U.S. Trustee cannot determine whether the Debtor can afford this payment, and the effect of this proposed payment upon the Debtor's business.

*The Retainer Escrow Is A Use of Cash Collateral Unapproved By the Creditor or Court*

19. The Application does not address the use of cash collateral. (ECF Dkt. No. 2).

20. However, the proposed order attached to the Application states, "It is further Ordered for avoidance of doubt, this Order does not provide the Debtor with authority to use cash collateral under 11 U.S.C. §363." (ECF Dkt. No. 2, page 7, penultimate paragraph.).

21. According to the "Declaration of Matthew J. Schmidt", the manager of the Debtor, (ECF Dkt. No. 11, page 1, paragraph 1), the Lender "may assert a first priority security interest, mortgage, and assignment of rents in substantially all of Debtor's assets…" (*Id.*, at page 11, paragraph 43). Therefore, the proposed order authorizing the retention of the professional does not authorize the use of cash collateral to pay the professional.

22. The Application does not say whether this retainer escrow has been approved by the Lender.

23. The proposed Order allowing the use of cash collateral authorizes the use of cash collateral to pay the Applicant an escrow of $20,000,00 per month (ECF 12, page 19-20, paragraph 11) and the proposed budget includes this amount. (*Id.*, at page 22.)

24. That is currently merely a proposed order, not yet approved and issued by the Court. Until and unless it is ordered, the use of cash collateral to pay $20,000.00 per month, is not allowed. The Court should not authorize a payment of $20,000.00 per month until and unless that use of cash collateral is first approved.

*The Application Does Not Adequately Explain the Mechanics of and Need for the Retainer Escrow in the Proposed Amount*

25. The Application does not explain how a retainer escrow would work in this case. Is the payment of $20,000.00 due every first of the month, every 15th of the month, or on the last working day of the month, or another day entirely? If professional fees are approved in an amount less than $20,000.00, does the difference get refunded to the Debtor for use in its operating account? Or does the difference remain on deposit in the escrow account, pending future fees allowed by the Court? All these issues are not addressed, and should be, by the Application.

26. Although Schafer and Weiner, PLLC is the subject of this Application, they may not be the only professional firm retained in connection with this case. The Debtor may also ask the Court to approve the appointment of accountants, financial advisors, or special counsel. Any statutory committee appointed in this case may retain its own professionals. All of these professionals would have fees subject to approval by this Court. These professionals might ask for a similar retainer escrow for themselves at the same exorbitant amount. If even three other professionals sought a similar escrow, the Debtor might be asked to set aside $80,000 a month, severely impinging on its cash flow.

27. If any escrow account is to be established for professional fees, it should be funded at an amount sustainable in the Debtor's budget and for the benefit of *all* professionals in the case.

*The Order Should be Clarified to Allow Fees Only to the Attorney for the Debtor-in-Possession*

31. The Application seeks the appointment of Schafer and Weiner, PLLC, as general bankruptcy counsel for the Debtor and Debtor-in-Possession. (ECF Dkt. No. 2, pages 1 and 5.) The proposed order provides "that the Debtor is authorized to retain and employ Applicant as its counsel, effective as of the Petition Date", and that "the Applicant shall be compensated for its services and reimbursed for any related expenses in accordance with 11 U.S.C. §§ 330 and 331, and any other applicable law, rules and orders of this Court." (ECF Dkt. No. 2, page 7.)

32. However, under the Bankruptcy Code, only the attorney for the debtor-in-possession is entitled to petition the Court for the allowance and payment of fees and reimbursement of expenses. "[T]he court may award to…a professional person employed under section 327 or 1103…reasonable compensation…" 11 U.S.C. § 330(a)(1)(A), (B). Once a debtor ceases to be a debtor-in-possession for whatever reason (*e.g.*, conversion to Chapter 7 or

dismissal), the attorney for the debtor-in-possession becomes solely the attorney for the debtor and the right to seek compensation from the estate ceases.

33. The second operative paragraph of the proposed order should be amended to clarify that the Applicant may only be compensated under section 330 for services rendered to the Debtor while it is a debtor-in-possession.

For all the above reasons, the U.S. Trustee objects to the Debtor's Application for Authority to Employ Schafer and Weiner, PLLC, as General Bankruptcy Counsel for Debtor and Debtor-in-Possession (Dkt. No. 2), asks that the Court deny the Application as currently proposed, and asks that the Court grant such other relief as the Court may deem just.

Respectfully submitted,

ANDREW R. VARA
United States Trustee
Regions 3 and 9

Date: October 7, 2026

By:__________________________
By: *<u>/s/ Michael V. Maggio</u>*

Michael V. Maggio
Trial Attorney
Office of the United States Trustee
United States Department of Justice
The Ledyard Building, Second Floor
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, Michigan 49503
Tel: (616) 456-2486
Michael.v.maggio@usdoj.gov